JOHN A. ROEBLING'S SONS CO. v. BELDEN et al.

(Supreme Court, Appellate Division, First Department.    February 25, 1898.)

FOREIGN CORPORATION—RIGHT TO SUE.

Where, in an action by a foreign corporation, the complaint alleges a compliance with the laws of the state of New York in reference to doing business therein, the denial thereof in the answer entitles the defendant to have the issue thus raised disposed of before a recovery can be had against him.

Appeal from special term.

Action by John A. Roebling's Sons Company against Alvin J. Belden and John A. Seely.    From an order denying plaintiff's motion for judgment on the pleadings for a portion of the claim alleged to have been admitted by the amended answer, plaintiff appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

P. W. Crane, for appellant.
T. H. Rothwell, for respondents.

PER CURIAM.    We see no reason for interfering with the order as granted by the court below.    There is undoubtedly a misstatement contained in the plaintiff's complaint, wherein he alleges the plaintiff to be a foreign corporation organized and existing under and by virtue of the laws of New York.    It is apparent that it was the intention to allege that the plaintiff was a foreign corporation, and that it had complied with the laws of this state in reference to doing business within the state.    The statute provides that no foreign corporation doing business in this state without the certificate mentioned therein shall maintain any action in this state on any con-

tract made by it in this state, until it shall have procured such cer-tificate.    In order to show a right to maintain the action, the plain-tiff alleged a compliance with the laws of the state of New York in respect to foreign corporations.    It is entirely immaterial for the purpose of the disposition of this motion whether it was or was not necessary for it to allege such compliance as a condition precedent to its maintaining the action.    Having made the allegation and pre-sented the issue, the defendant, by denying it, became entitled to have that issue disposed of before a recovery could be had against him.    It is undoubtedly true that the denial in reference to the existence of the plaintiff as a foreign corporation is insufficient, but the denials of the other allegations as to the plaintiff's right to main-tain the action raised an issue which the court could not disregard.

The order appealed from should be affirmed, with $10 costs and dis-bursements.